# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 22-cv-615 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LARRY G. MORROW, ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

The United States complains as follows:

1. The United States of America brings this action to collect civil penalties against Defendant Larry G. Morrow. Mr. Morrow owes $23,407.28 as of May 8, 2023.

2. This lawsuit is filed pursuant to 31 U.S.C. §§ 3711(g)(4)(C) and 5321(b)(2) at the direction of a delegate of the Attorney General and at the request of a delegate of the Secretary of the Treasury.

3. Mr. Morrow failed to timely report his financial interest in multiple foreign bank accounts, as required by 31 U.S.C. § 5314, for the calendar years 2012 and 2013 (and together the "Relevant Years"). A delegate of the Secretary of the Treasury assessed penalties against Mr. Morrow under 31 U.S.C. § 5321(a)(5).

The United States sues to collect those penalties under § 5321(b)(2), along with interest, late payment penalties, and associated fees pursuant to 31 U.S.C. § 3717.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

5. Venue is proper pursuant to 28 U.S.C. § 1395 because the Defendant resides in Naples, Collier County, Florida, in this district.

## Background Regarding the Duty to Report Relationships with Foreign Financial Institutions

6. Federal law requires every United States person who has a financial interest in, or signatory authority over, a foreign financial account to report that relationship annually to the Department of the Treasury. The reporting requirement does not apply if the maximum aggregate balance of the foreign accounts is less than $10,000 at all times during the calendar year.

7. To fulfill this requirement, a person must file a form titled "Report of Foreign Bank and Financial Accounts," commonly known as an FBAR. For the 2012 calendar year, the required form was Treasury Form TD-F 90-22.1. For calendar year 2013, the required form was FinCEN Form 114.

8. For the Relevant Years, the required form was due by June 30 of the following calendar year.

9. Any person who fails to timely report an interest in a foreign account may be subject to a civil penalty assessed by the Department of the Treasury. Unless the failure is willful, the amount of the penalty may not exceed $10,000, adjusted for inflation.

### Mr. Morrow's Failure to Timely Report His Relationships with Foreign Financial Institutions

10. Mr. Morrow is a citizen of the United States.

11. FirstCaribbean International Bank ("FCIB") is a bank operated and headquartered in Barbados.

12. HSBC Bank Middle East Limited ("HSBC ME") is a bank operated and headquartered in the United Arab Emirates.

13. In 2012 and/or 2013 Mr. Morrow had a financial interest in, or signatory authority over, the foreign bank accounts listed below. The maximum balances on each account for each year are also listed below.

| Bank | Account Number | 2012 | 2013 |
|---|---|---|---|
| FCIB | XXXX9939 | $195,024 | $195,034 |
| FCIB | XXXX9768 | $147,585 | $141,228 |
| FCIB | XXXX9679 | $50,000 | N/A |
| FCIB | XXXX3190 | N/A | $70,112 |
| HSBC ME | XXX-XX-XXXXX2-001 | $236,665 | N/A |

3

|  | **Aggregate Total** | $629,274 | $406,374 |
|---|---|---|---|

14. Because the maximum aggregate balance of Mr. Morrow's foreign accounts exceeded $10,000 for each of these years, Mr. Morrow was required to report his financial interest in these accounts in a timely filed FBAR for each of these years.

15. Mr. Morrow failed to timely report his financial interest in these accounts for each year 2012 and 2013.

16. 31 U.S.C. § 5321(a)(5) authorizes civil penalties for failure to timely file necessary FBAR reports.

17. The statute of limitations for the assessment of an FBAR penalty is six years from the date the report was due.

18. The statute of limitations for the assessment of the 2012 and 2013 FBAR penalties would have expired on June 30, 2019, and June 30, 2020, respectively.  However, on May 24, 2019, Mr. Morrow agreed to extend the statute of limitations for assessing the FBAR penalty for calendar years 2012 and 2013 to December 31, 2020.

19. On October 6, 2020, a delegate of the Secretary of the Treasury assessed the following FBAR penalties against Mr. Morrow for all Relevant Years under 31 U.S.C. § 5321(a)(5):

| Foreign Account Number | Assessed Penalties | |
|---|---|---|
| | 2012 | 2013 |
| FCIB (XXXX9939) | $10,000 | $10,000 |
| FCIB (XXXX9768) | $10,000 | $10,000 |
| FCIB (XXXX9679) | $10,000 | N/A |
| FCIB (XXXX3190) | N/A | $10,000 |
| HSBC ME (XXX-XX-XXXXX2-001) | $10,000 | N/A |
| **Total for Each Year** | **$40,000** | **$30,000** |

20. The assessments were timely because they were brought within the statute of limitations for all Relevant Years.

21. On October 6, 2020, a delegate of the Secretary of the Treasury mailed notice and demand for payment of the FBAR penalties to Mr. Morrow.

22. Despite the notice and demand for payment, Mr. Morrow has failed to pay the FBAR penalties assessed against him.

23. In accordance with the United States Supreme Court's decision in *Bittner v. United States*, 143 S. Ct. 713 (2023), the assessed penalty for each year was reduced to $10,000 for a total assessed penalty of $20,000.

24. Pursuant to 31 U.S.C. § 3717, interest and a failure-to-pay penalty have accrued, and continue to accrue, on the assessments against Mr. Morrow.

25. As of May 8, 2023, Mr. Morrow is liable to the United States for $23,407.28 in penalties assessed against him for his FBAR reporting violations together with interest and late-payment penalties through that date.

## RELIEF REQUESTED

WHEREFORE, the United States of America demands that this Court:

a) Enter judgment in favor of the United States of America against the Defendant, Larry G. Morrow, for his unpaid FBAR penalties totaling $23,407.28 as of May 8, 2023, plus penalties and interest that continue to accrue from that date; and

b) Grant such other and further relief as is just and proper, including costs of this action.

Dated: May 8, 2023                    Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Chase A. Burrell
CHASE A. BURRELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-0513 (t)
202-514-4963 (f)
Chase.Burrell@usdoj.gov

Of counsel:
Roger B. Handberg
United States Attorney

Middle District of Florida

## CERTIFICATE OF COMPLIANCE

I certify that this Complaint was typed in 14-point Times New Roman font in compliance with Local Rule 1.08(b).

*/s Chase A. Burrell*
Chase A. Burrell
Trial Attorney, Tax Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I certify that that on May 8, 2023, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF filing system.

*/s Chase A. Burrell*
Chase A. Burrell
Trial Attorney, Tax Division
U.S. Department of Justice
